IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

ALBERTA ROSE JONES                                                                    PETITIONER

V.                                           4:11CV00305 BSM/JTR

UNITED STATES OF AMERICA                                                     RESPONDENT

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201-3325

## I.  Introduction

Petitioner, Alberta Rose Jones, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging violations of the Uniform Criminal Extradition Act (UCEA) and the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution (docket entry #1). For the reasons that follow, the Petition should

be dismissed summarily pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. *See* § 2254 Rule 1(b) (§ 2254 Rules may be applied to other habeas corpus petitions).

## II. Discussion

A.   Petitioner's Allegations.

Petitioner asserts that, while traveling through Arkansas on February 20, 2011, she was illegally pulled over by an unmarked car being driven by a detective from the Lonoke County Sheriff's Department. Petitioner's son, Ryan Garrett Jones, who was traveling with her, was arrested based on an outstanding California warrant and later extradited to California.[1] Importantly, Petitioner was *not* arrested and, after the traffic stop, she was allowed to leave. Although she was never taken into custody or arrested, Petitioner initiated this federal habeas action to redress the alleged violation of her rights under the United States Constitution and the UCEA. (Docket entry #1, at 4, 13.)

B.   Custody.

---

[1] Petitioner has filed a separate federal habeas action in this Court challenging her son's arrest. *Ryan Garrett Jones, by Alberta Rose Jones as next friend of Ryan Garrett Jones v. Jim Robertson*, E.D. Ark. No. 4:11-cv-00223 SWW-JTR. She also has filed a related civil rights complaint. *Alberta Rose Jones v. Eli Lilly, et al.*, E.D. Ark. No. 4:11-cv-00256 SWW.

To satisfy the jurisdictional requirements of the federal habeas corpus statutes, a prisoner must establish that he is "in custody" in violation of the United States Constitution, federal laws or treaties. 28 U.S.C. § 2241(c)(3). At a minimum, to invoke habeas corpus relief, a petitioner not in "actual, physical custody" must show that he is subject to a "severe" and "immediate" restraint upon his liberty "not shared by the public generally." *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973); *Jones v. Cunningham*, 371 U.S. 236, 239-43 (1963). The alleged restraint must be more than "a speculative possibility that depends on a number of contingencies over which [the petitioner] has no control," and the federal court's exercise of its habeas jurisdiction must not "interfere with any significant interest of the State." *Hensley*, 411 U.S. at 351-52.

In this case, the most Petitioner alleges is that, at some point after the allegedly unconstitutional traffic stop in Arkansas, authorities in California issued "an unconstitutional warrant for [her] arrest based on an unconstitutional restraining order which ... stems from her freedom of speech."[2] (Docket entry #1, at 4.) However, numerous courts have held that the mere existence of an outstanding arrest warrant is insufficient to establish custody. *See Fernos-Lopez v. Lopez*, 929 F.2d 20, 24 (1st Cir.

---

[2] Apparently, a private citizen in California obtained a restraining order against Petitioner. When she allegedly violated that order, authorities in California issued an arrest warrant. It is unclear whether the charge is a misdemeanor or a felony. In any event, it appears unlikely that such a charge would support extradition.

1991) (suggesting that "being subject to immediate arrest pursuant to an arrest warrant does not constitute custody," but declining to decide the issue; the "prospect of [the petitioner's] being incarcerated ... was dependent on a number of contingencies," including the complainant's insistence on continuing to prosecute the matter and the state court's determination that imprisonment was warranted); *Prall v. Attorney General of Rhode Island*, No. C.A. No. 09-366 S, 2010 WL 737646, *6-*7 (D.R.I. Mar. 1, 2010) (absent affirmative evidence that a detainer had been lodged against habeas petitioner, he did not meet § 2241's "in custody" requirement based on outstanding warrant for arrest); *Fernquist v. Attorney General of Pennsylvania*, Civ. No. 08-4364, 2009 WL 890597, *1 (E.D. Penn. Mar. 30, 2009) (petitioner did not meet custody requirement where he was incarcerated for a crime disconnected from the challenged arrest warrant and was "subject to no constraints on his liberty as a result of that warrant"); *see also United States v. Kendrick*, 147 F. App'x 624, 625 (8th Cir. 2005) (affirming dismissal of § 2241 petition as premature where trial court had not yet decided to revoke supervised release based on challenged arrest warrant).

    At the time she initiated this action, Petitioner identified herself as a resident of California and gave an address of 1144 Tangerine Way, Sunnyvale, California.[3] (Docket entry #1, at 2, 13.) Later, she advised the Court that her address had changed

---

[3]Her filings show that this address is her home. (Docket entry #2, at 13.)

to a post office box in North Little Rock, Arkansas. (Docket entry #4.) Thus, nothing in the record suggests that Petitioner is currently incarcerated or otherwise detained, or that any extradition proceedings have been initiated against her. Significantly, she does not identify a custodial officer and states that the United States is named as the only respondent because it "is responsible for addressing [her] civil rights violations and illegal restraints on her liberty." (Docket entry #1, at 2.) *See* 28 U.S.C. § 2242 (habeas petition must "name ... the person who has custody over" applicant), § 2243 (habeas writ "shall be directed to the person having custody of the person detained").

Based on her Petition, the allegedly outstanding arrest warrant in California is the only even arguable "restraint" on her liberty. According to Petitioner, this arrest warrant prevents her from returning to her home in California, where she might "at any time be illegally incarcerated for just driving by" the individual who obtained the restraining order and warrant. (Docket entry #1, at 11.) These allegations fall far short of demonstrating the kind of "severe" and "immediate" restraint upon liberty sufficient to invoke and maintain jurisdiction under the federal habeas statutes.[4]

C. <u>Exhaustion</u>.

Even if Petitioner could show that she meets the jurisdictional custody

---

[4] She also asserts that she is being "restrained" from writing to the state court or filing petitions there, as part of a "conspiracy." (Docket entry #1, at 11.) This also fails to constitute a significant restraint demonstrating custody.

requirement, federal habeas review of extradition issues is available only after exhausting state court remedies. *Brown v. Nutsch*, 619 F.2d 758, 763 (8th Cir. 1980) (petitioner can challenge confinement by holding state's authorities through federal habeas writ only after exhaustion of remedies in state courts of holding state).  Of course, at this time, Petitioner is not in custody and she only *anticipates* that, at some future date, California may seek to extradite her *if* she is arrested in Arkansas.  Thus, Petitioner is not yet even in a position to challenge her extradition, much less to exhaust her state court remedies.

For all of the foregoing reasons, Petitioner clearly is not entitled to habeas relief from this Court.  Accordingly, her habeas Petition should be summarily dismissed.

D.     Removal.

Petitioner also has filed a "Notice of Removal," which purports to remove her pending criminal case in the Superior Court of California, Santa Clara County, Palo Alto Division (Criminal Case No. B1152473), to United States District Court for the Eastern District of Arkansas.  (Docket entry #2.)  If it appears clear from the face of a notice of removal that it should not be permitted, the Court "shall make an order for summary remand." 28 U.S.C. § 1446(c)(4).

To remove a state criminal prosecution to a federal district court, "it must be on the basis of one of three federal statutes, 28 U.S.C. § 1442, 28 U.S.C. § 1442a, or 28

U.S.C. § 1443." *Iowa v. Johnson*, 976 F. Supp. 812, 816 (N.D. Iowa 1997); *see also Solors v. Warta*, Civ. No. 08-5923, 2009 WL 1010626, *5-*8 (D. Minn. Apr. 14, 2009). Petitioner's notice cites none of these statutes and refers only to § 1441 (which allows for removal of a "civil action") and § 1446 (detailing the procedures for removal but not providing any jurisdictional basis for removal). Therefore, on its face, her notice fails to establish a basis for removal.

Furthermore, Petitioner's California criminal case is not removable under any of the three governing statutes. Sections 1442 and 1442a permit removal, generally, of state criminal prosecutions against federal officials, federal agencies, and members of the armed forces. *See Johnson*, 976 F. Supp. at 816-17. Section 1443 allows for removal of state criminal prosecutions where the defendant is denied or cannot enforce his "equal civil rights," but only "to the district court of the United States for the district and division embracing the place wherein it is pending." Additionally, the alleged civil rights violation must be based on racial inequality, which is not asserted here. *Doe v. Berry*, 967 F.2d 1255, 1257 (8th Cir. 1992); *Johnson*, 976 F. Supp. at 817.

Thus, Petitioner's criminal proceeding in California is not properly removable to this Court.
-8-

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. This 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (docket entry #1) should be **denied**, and this case should be dismissed, without prejudice, pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in United States District Courts.

2. Petitioner's Motion for Hearing (docket entry #7) should be denied as moot.

3. The criminal proceeding allegedly pending against Petitioner in the Superior Court of California, County of Santa Clara, Palo Alto Division (Criminal Case No. B1152473), is not properly removable under 28 U.S.C. § 1441, § 1442, § 1442a or § 1443. Pursuant to 28 U.S.C. § 1447(c), the Clerk of this Court should be directed to send a copy of any Order adopting this recommendation to the Clerk of the Court, Superior Court of California, County of Santa Clara, Palo Alto Division, 270 Grant Avenue, Palo Alto, California 94306.

4. A certificate of appealability should be denied, as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), § 2254 Rules; *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (to satisfy § 2253(c) when habeas petition is denied on procedural grounds,

petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

DATED this 17th day of June, 2011.

_____
UNITED STATES MAGISTRATE JUDGE